UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE RIDGE AT RIVERVIEW HOMEOWNER'S ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California company,<br><br>Defendant. | NO.   2:21-cv-950<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, AND CPA VIOLATIONS**<br><br>**JURY DEMAND** |

Plaintiff The Ridge at Riverview Homeowner's Association (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment and monetary damages, seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association.

(B)   Monetary damages for breach of contract and bad faith.

(C)   CPA penalties of up to $25,000 per violation.

(D)   Attorneys' fees (including expert witness fees) and costs.

(E)   Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Kent, Washington. The Association has the duty to maintain the common elements and any limited common elements of The Ridge at Riverview Condominium Complex for the common enjoyment of the unit owners. The Ridge at Riverview Condominium Complex consists of eighteen (18) residential buildings with a total of one hundred-sixteen (116) units, located at 22104 and 22122 41st Ave S.; 22019, 22020, 22105, 22106, 22118, 22121 41st Pl S.; and 21907, 21914, 21917, 21920, 21929, 22007, 22010, 22022, 22102, 22112 42nd Ave S.; Kent, WA 98032.

2.2 <u>Fireman's Fund Insurance Company.</u> Fireman's Fund Insurance Company ("Fireman's Fund") is a California company and is registered and authorized to sell insurance in the State of Washington. Fireman's Fund issued insurance policies to the Association, including Policy No. AZC80900821 (1/10/14 to 11/10/15). The Fireman's Fund policy identifies The Ridge at Riverview Condominium Complex as covered property.

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2 Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as Fireman's Fund marketed and sold insurance to the Association in Kent; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in Kent; and the insured condominium building is located in Kent.

# IV. FACTS

4.1 <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2 <u>Evolution Intrusive Investigation.</u> On or about March 17, 2020, Kris Eggert from Evolution Architecture, with the assistance of McLeod Construction, performed an intrusive investigation of The Ridge at Riverview Condominiums. Mr. Eggert made nine (9) investigative openings and hidden water damage was observed at six (6) of the nine (9) openings.

4.3 <u>Evolution March 18, 2020 Findings Report.</u> In its findings report, Evolution concluded, in part, that:

> Hidden water damage was observed at 6 of 9 (67%) openings. Water damage adversely affects the physical properties of the OSB sheathing and framing, diminishing the structural characteristics and holding strength of fasteners. Water damage also diminishes the fire resistivity of gypsum sheathing.

4.4 <u>Tender to Fireman's Fund.</u> On March 27, 2020, the Association tendered a claim to Fireman's Fund seeking coverage for the cost of repairing hidden water damage. The Association sent a copy of the Evolution report with the tender letter. In its tender letter, the Association specifically requested that Fireman's Fund "investigate" for "hidden water damage" that may be covered by its policy. The Association also asked Fireman's Fund to "take immediate action to begin its investigation" and to "make reasonable efforts to complete the investigation within thirty (30) days of this letter, or as soon as possible thereafter."

4.5 <u>Joint Intrusive Investigation.</u> On or about June 22 – June 24, 2020, consultants for the Association, Fireman's Fund, and the Association's other insurers performed an intrusive investigation at The Ridge at Riverview Condominium Complex. A contractor made thirty-one (31) investigative openings, which were documented by all parties present. Mr. Eggert discovered hidden water damage at 20 of the 31 openings. Consultants retained by the Association's other insurers also found damage.

4.6     <u>Evolution July 6, 2020 Findings Report.</u>  On July 6, 2020, Evolution prepared a report regarding the hidden water damage discovered during the June 2020 joint intrusive investigation.

4.7     <u>Explanation of Coverage</u>.  On August 10, 2020, the Association sent the July 6, 2020 Evolution report to Fireman's Fund along with a written explanation that "Mr. Eggert has advised us that the hidden water damage at the Ridge at Riverview was caused by water intrusion from a combination of weather conditions (rain and wind-driven rain) and inadequate construction."  The Association cited relevant case decisions interpreting similar policies to cover damage caused by this combination of events.  The Association explained that "policies similar to yours can be reasonably interpreted to cover water damage from a combination of weather conditions (such as rain and/or wind-driven rain) and inadequate construction.  We are asking you to adopt that reasonable interpretation here."

4.8     <u>Re-Explanation of Coverage Based Upon New Case Decision</u>.  On April 20, 2021, the Association sent Fireman's Fund a copy of a new case decision supporting its position that its policy should be interpreted to cover the hidden water damage at The Ridge at Riverview Condominium Complex.  The Association explained the new decision and why Fireman's Fund should interpret certain exclusions narrowly.  The Association explained that "[y]our policies treat water intrusion from "rain" as a separate and distinct peril, which is covered when such rainwater intrusion results in exterior damage."  The Association also asked Fireman's Fund to "[p]lease complete your investigation[] and provide your coverage decision[] within 20 days of this e-mail."

4.9     <u>Fireman's Fund Insurance Company's Claim Decision</u>. On April 27 2021, Fireman's Fund denied the Association's claim.  According to the denial letter, "Fireman's Fund has concluded there is no covered loss under the Policy."  In its letter Fireman's Fund described how its consultant had investigated and determined that "water intrusion through window penetrations, deck transitions, and roof transitions has likely been occurring over a relatively long period of time, dating back to original construction."  According to Fireman's Fund, however, "the effects of water

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH, AND
CPA VIOLATIONS - 4

HOUSER LAW, PLLC
1325 4th AVE., SUITE 1650
SEATTLE, WA 98101
PHONE 206.962.5810

intrusion on the underlying materials are relatively limited." Thus, Fireman's Fund concluded that no repairs are needed at this time, and that instead the Association should "gradually allocate[] [its own] funds and perform[] repairs over a 14 year time period." In addition, Fireman's Fund "concluded that to the extent the building components are in need of repair . . . the causes of any damage are . . . all . . . excluded from coverage." In other words, Fireman's Fund unreasonably denied, or failed to acknowledge, that rain was one of the causes of water intrusion and damage at The Ridge at Riverview.

   4.10 <u>Association's Request for Reconsideration</u>.  On May 10, 2021 the Association wrote to Fireman's Fund to ask for reconsideration.  The Association explained that:

> The insurance policy that Fireman's Fund issued to the Association is a contract.  The contract says that Fireman's Fund will pay to repair any damage to the buildings caused by any risks of direct physical loss unless the policy specifically exclude[s] or limits coverage for such damage.  The policy provides no discretion for Fireman's Fund to decline expensive repairs or to delay repairing covered damage for many years.
>
> * * *
>
> Here, much of the damage from rainwater intrusion is to exterior gypsum sheathing.  My understanding based upon prior communications with the Association's expert, Kris Eggert, is that the purpose of the exterior gypsum sheathing on these buildings is to resist fires.  In case of a fire, my understanding is that the gypsum sheathing prevents fires from spreading quickly so that unit owners have time to escape the building and so that firefighters have time to extinguish the fire before its spreads to other parts of the building.  Thus, there are life safety reasons for repairing the water damage to the exterior gypsum sheathing. . . .
>
> * * *
>
> As a reminder, declining to pay to repair covered damage is a breach of Fireman Fund's insurance contract.  Will you please reconsider and acknowledge coverage for the hidden water damage in the decks and exterior walls at The Ridge at Riverview Condominium buildings.

   4.11 <u>Association's Request to Evaluate for Damage Based Upon Industry Standards</u>.  On May 11, 2021 the Association sent Fireman's Fund copies of the industry standards that its consultant, Mr. Eggert, and consultants for several other insurers, apply when evaluating water damage to gypsum sheathing.  The Association asked Fireman's Fund about its consultant and

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, AND CPA VIOLATIONS - 5

HOUSER LAW, PLLC
1325 4th AVE., SUITE 1650
SEATTLE, WA 98101
PHONE 206.962.5810

"what, if any, standards he applied when evaluating whether the gypsum sheathing at the Ridge at Riverview was water damaged?"

4.12   <u>Fireman Fund's Position that It Never Focused on Whether the Gypsum Sheathing was Damaged</u>.  On May 11, 2021, Fireman's Fund advised that it would review with its consultant the standards provided by the Association and response to the Association's inquiry.  On June 2, 2021, Fireman's Fund provided "a response to your inquiry" in the form of a letter from its consultant, Kip Gatto, of YA Engineering Services.  In his letter Mr. Gatto explained that "an evaluation of whether or not the EGS [exterior gypsum sheathing] is *damaged* was not the focus of our investigation."  As a result, Mr. Gatto did not apply industry standards regarding how to evaluate the gypsum sheathing for water damage.

## V.   FIRST CLAIM: DECLARATORY RELIEF THAT THE RIDGE AT RIVERVIEW POLICY PROVIDES COVERAGE

5.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.12 above, as if fully set forth herein.

5.2   <u>Declaratory Relief</u>.  The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

a. The Fireman's Fund Policy is an all-risk policy covering every risk, peril, cause, and loss not excluded.  Fortuitous loss or damage occurred during the policy period.  Some loss or damage commenced during the policy period.  No exclusions, conditions, or limitations bar coverage under The Ridge at Riverview Insurance Policy for the loss or damage to The Ridge at Riverview Condominium Complex.

b. As a result, The Ridge at Riverview Policy covers the cost of repairing the loss or damage to The Ridge at Riverview Condominium Complex.

## VI. SECOND CLAIM: AGAINST FIREMAN'S FUND FOR BREACH OF CONTRACT

6.1  Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2  Contractual Duties. Fireman's Fund had contractual duties under the terms of its respective policy to pay the cost of repairing the covered damage to The Ridge at Riverview Condominium Complex.

6.3  Breach of Contract. Fireman's Fund has failed to fulfill its contractual obligation to the Association.

6.4  Damages. As a direct and proximate result of Fireman's Fund's breach of insurance contract, the Association has been deprived of the benefits of its insurance coverage in an amount to be proven at trial.

6.5  Additional Damages. As a direct and proximate result of Fireman's Fund's breach of its insurance contract, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII. THIRD CLAIM: AGAINST FIREMAN'S FUND FOR INSURANCE BAD FAITH

7.1  The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2  A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Fireman's Fund violated Washington claim handling standards by, among other things:

- Refusing to pay this claim without conducting a reasonable investigation; and
- Failing to promptly provide a reasonable explanation of the basis for the denial of the claim.

- Denying this claim without a reasonable justification.
- Refusing to adopt and apply a reasonable prior interpretation of policy language in favor of coverage.
- Failing to complete a reasonable investigation of the claim within thirty days after notification of claim, or as soon as reasonably possible thereafter.
- Failing to adopt and implement reasonable standards for the prompt investigation of this claim.

### VIII. FOURTH CLAIM: AGAINST FIREMANS' FUND FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1    The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.2, above, as if fully set forth herein.

8.2    Violations of WAC claim handling standards are per se CPA violations. Fireman's Fund's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer.

8.3    As a direct and proximate result of Fireman's Fund's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

### IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1    <u>Declaratory Judgment Regarding Coverage.</u> A declaratory judgment that The Ridge at Riverview Policy provides coverage as described herein.

9.2    <u>Money Damages.</u> For money damages in an amount to be proven at trial.

9.3    <u>Attorneys' Fees and Costs of Suit.</u> For reasonable attorneys' fees (including expert fees.)

9.4    <u>CPA Penalties</u>.  For CPA Penalties of up to $25,000 per violation.

9.5    <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

10.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 16th day of July 2021.

HOUSER LAW PLLC

*/s/ Daniel S. Houser*
Daniel S. Houser, WSBA #32327
Attorney for Plaintiff
1325 4th Avenue, Suite 1650
Seattle, WA 98101
Email: dan@dhouserlaw.com
Telephone: (206) 962.5810
Direct: (206) 962.5811