UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE RIDGE AT RIVERVIEW HOMEOWNER'S ASSOCIATION,<br><br>Plaintiff,<br>v.<br><br>COUNTRY CASUALTY INSURANCE COMPANY and FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 21-CV-00950-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. In its amended complaint, Plaintiff The Ridge at Riverview Homeowner's Association claims that the Court has diversity jurisdiction over this action because "the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000." Dkt. No. 14 at 3.[1] The Association, however, fails to allege facts sufficient for the Court to ascertain the citizenships of the defendant insurers.

---

[1] The Association filed its original complaint with the Court in July 2021. Dkt. No. 1.

ORDER TO SHOW CAUSE - 1

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They accordingly "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3) (the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction"). As the party asserting jurisdiction, the Association has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). As for the second requirement, the plaintiff must establish "complete diversity," meaning "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *accord, e.g.*, *Williams v. United Airlines*, 500 F.3d 1019, 1025 (9th Cir. 2007). "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Here, the Association alleges that it "is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Kent, Washington." Dkt. No. 14 at 2. It is therefore a citizen of Washington. The problem arises with respect to the citizenship of defendants Country Casualty Insurance Company and Fireman's Fund Insurance Company. The Association's amended complaint asserts

only that Country Casualty "is an Illinois company and is registered and authorized to sell insurance in the State of Washington," while Fireman's Fund "is a California company" likewise registered and authorized to sell insurance in the State of Washington. *Id.* This does not sufficiently allege either defendant's citizenship.

Without more, the Association's allegations are deficient and the Court is unable to determine whether diversity jurisdiction exists. The Association is accordingly ORDERED to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. It must file a response to this Order no later than December 30, 2022 identifying the citizenships of the defendant insurers. Failure to do so will result in dismissal.

Dated this 27th day of December, 2022.

*Lauren King*

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3